IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| BERNARD KENT, | ) | |
| | ) | |
| Plaintiff, | ) | No. 12cv20 |
| v. | ) | |
| | ) | ORDER |
| UNITED HEARTLAND, UNITED WISCONSIN | ) | |
| INSURANCE COMPANY d/b/a UNITED | ) | |
| HEARTLAND AND DIAMOND SHINE | ) | |
| MANAGEMENT SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendant Diamond Shine Management Services' resisted Motion to Dismiss, or in the Alternative, for a More Definite Statement, filed February 13, 2012. Briefing concluded March 9, 2012. Ruling reserved. Remanded to the Iowa District Court for Linn County unless supplemental jurisdictional statement filed in accordance herewith.

Plaintiff initially filed a Petition in the Iowa District Court for Linn County, Iowa, on December 30, 2011, seeking damages from defendants for bad faith failure to pay plaintiff's workers' compensation claim, conspiracy to delay or refuse to pay benefits in bad faith, and breach of fiduciary duty. On February 6, 2012, defendants removed the matter to this court pursuant to 28 USC §§1441 and 1446.

In their Notice of Removal, defendants assert subject matter jurisdiction pursuant to 28 USC §1332. In support, they further assert that while the Petition does not set forth the required amount in controversy, plaintiff seeks unspecified

compensatory damages as well as punitive damages, that the matter in controversy has been pled so as to exceed the jurisdictional amount (it is unclear whether this is a reference to plaintiff's assertion in the state court Petition that as there filed, the matter "exceeds jurisdictional minimums"), the parties are citizens of different states, and no defendant is a citizen of Iowa.  Specifically, defendants plead that United Wisconsin Insurance Company d/b/a United Heartland, is a Wisconsin corporation with its principal place of business in Milwaukee, Wisconsin.  Defendants further plead that on December 30, 2010, Diamond Shine Management Services (Diamond Shine) merged with and into Carlson Building Maintenance, Inc. (Carlson), a Minnesota corporation with its principal place of business in White Bear Lake, Minnesota, with Carlson being the surviving corporation by operation of Minnesota law, and that Carlson is the successor in interest to the rights and liabilities of Diamond Shine.  Finally, defendants plead that in his Petition, plaintiff alleges he is a resident of Iowa.

An allegation of residency does not satisfy the citizenship requirement. Jurisdiction under 28 USC §1332 is predicated upon citizenship, which plaintiff has failed to properly plead.  Sanders v. Clemco, 823 F2d 214, 216 (8th Cir. 1987); Peoples Bank & Trust Co. v. Rue, 210 FS 952 (ND IA 1962).  Defendants shall be required to file a supplemental jurisdictional statement properly pleading the citizenship requirement.  Additionally, defendants shall include a statement of facts that demonstrate satisfaction of the required amount in controversy.  LR 81.f.

It is therefore

ORDERED

1. Ruling reserved on Motion to Dismiss, or in the alternative, for More Definite Statement.

2. Remanded to the Iowa District Court for Linn County, Iowa, unless a supplemental jurisdictional statement is filed by not later than Monday, September 10, 2012, properly pleading subject matter jurisdiction..

August 22, 2012.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT