101112Nf

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| BERNARD KENT, | ) |
| Plaintiff, | ) No. 12cv20 |
| v. | ) ORDER |
| UNITED HEARTLAND, UNITED WISCONSIN INSURANCE COMPANY d/b/a UNITED HEARTLAND, AND DIAMOND SHINE MANAGEMENT SERVICES, INC., | ) |
| Defendants. | ) |

This matter is before the court on defendant Diamond Shine Management Services' (Diamond Shine) resisted Motion to Dismiss, or in the Alternative, for a More Definite Statement, filed February 13, 2012. Briefing concluded March 9, 2012. Motion to Dismiss granted.

Plaintiff initially filed a Petition in the Iowa District Court for Linn County, Iowa, on December 30, 2011, asserting that he was injured in the course of his employment with Diamond Shine. He seeks damages from defendants for bad faith failure to pay his workers' compensation claim, conspiracy to delay or refuse to pay benefits in bad faith, and breach of fiduciary duty. Defendants removed the matter to this court on February 6, 2012. On August 22, 2012, the court reserved ruling on the instant motion, and entered an order remanding this matter to the Iowa District Court for Linn County, Iowa, unless defendants filed a supplemental jurisdictional statement properly pleading subject matter jurisdiction by not later than September 10, 2012. Defendants have complied. In support of removal

jurisdiction, defendants plead that plaintiff is a citizen of Iowa, and that United Wisconsin Insurance Company d/b/a United Heartland, is a Wisconsin corporation with its principal place of business in Milwaukee, Wisconsin. Defendants further plead that Diamond Shine Management Services, Inc., merged into Carlson Building Maintenance, Inc., a Minnesota corporation with its principal place of business in White Bear Lake, Minnesota, and that Diamond Shine Management Services, n/k/a Carlson Building Maintenance, is a citizen of Minnesota. Finally, defendants plead that the amount in controversy exceeds $75,000. The court has subject matter jurisdiction pursuant to 28 USC §1332.

Diamond Shine seeks dismissal, urging that plaintiff may not bring a claim for bad faith refusal to pay workers' compensation benefits against the employer, but must instead bring any such claim directly against the insurance company responsible for benefits, and therefore plaintiff's bad faith claim brought directly against Diamond Shine is precluded by Iowa law. Additionally, Diamond Shine asserts that plaintiff's claims of conspiracy are barred by the exclusive remedy defense for employers under IC §85.20. Finally, Diamond Shine urges that even if plaintiff may bring claims of conspiracy or aiding and abetting the bad faith denial of insurance benefits, plaintiff has not alleged facts to support those claims. Accordingly, Diamond Shine seeks dismissal pursuant to FRCP 12(b)(6), and alternatively, asserts plaintiff should be required to file a more definite statement of his claims pursuant to FRCP 12(e).

Where allegations show on the face of the complaint that there exists an insuperable bar to relief, dismissal under FRCP 12(b)(6) is appropriate.  Benton v. Merrill Lynch & Co., 524 F3d 866, 870 (8th Cir. 2008).

It is well settled that an injured worker can sue an employer's workers' compensation insurer for a bad faith failure to pay, or bad faith delay in payment of workers' compensation benefits.  Boylan v. American Motorists Insurance Co., 489 NW2d 742, 744 (Iowa 1992).  Likewise, a self-insured employer can also be held liable for bad faith failure to pay a workers' compensation claim.  Reedy v. White Consolidated Industries, Inc., 503 NW2d 601, 603 (Iowa 1993).  However, in Bremer v. Wallace, 728 NW2d 803, 804-805 (Iowa 2007), the Iowa Supreme Court declined to extend Boylan further, declining to recognize a cause of action for imposing bad-faith liability on an uninsured employer.  In so doing, the court discussed the reasoning for recognizing a cause of action for bad faith conduct relating to the claim of an insured party, to wit, the court's belief that traditional damages for breach of contract will not always adequately compensate an insured for the bad faith conduct of an insurer, and the fact that insurance policies are contracts of adhesion due to the unequal bargaining power between the insurer and the insured.  Bremer, supra, at 805.  In discussing the rationale for recognition of a bad faith tort claim against a self-insured employer, the court observed that "[t]he common thread in these decisions is the defendant's status as an insurer, or in the case of a self-insured employer, the substantial equivalent of an insurer."  Id.

3

Here, Diamond Shine was neither an insurer, nor a self-insured employer. Additionally, it is the court's view that the extension of bad faith liability as urged by plaintiff would undermine the purpose of the exclusive remedy provisions of IC Chapter 85.20, with respect to employee tort claims against an insured employer. Moreover, the injured worker's existing remedies appear adequate, as the worker remains able to bring a bad faith action against the insurer.  For these reasons, and in light of the discussion in Bremer as noted above, it is the court's view that the Iowa courts would not extend bad faith liability as urged by plaintiff, and therefore the motion to dismiss pursuant to FRCP 12(b)(6) will be granted.  Life Investors Ins. Co. of America v. Federal City Region, Inc., 687 F3d 1117, 1122 (8th Cir. 2012) (in diversity case where state court has not spoken on issue, district court should predict state court's disposition of issue).

It is therefore

ORDERED

Motion to Dismiss granted.  This matter is dismissed as to defendant Diamond Shine.

October 11, 2012.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT